UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                              :
NEW HAMPSHIRE INSURANCE         :   CASE NO. 4:05-cv-02179
COMPANY,                                  :
      Plaintiff,                         :
                                              :
vs.                                           :   OPINION & ORDER
                                              :   [Resolving Doc. Nos. 5, 41, 43]
HOME SAVINGS AND LOAN       :
COMPANY OF YOUNGSTOWN, OHIO, :
ET AL.                                      :
      Defendants.                     :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court are identical motions to dismiss this case filed by Defendant Sky Bank Financial Group, Inc. ("Sky Bank") and Defendant Home Savings and Loan Company of Youngstown, Ohio ("Home Savings"). [Docs. 41, 43.] For the reasons stated below, the Court **GRANTS** the Defendants' motions to dismiss the case without prejudice.

**I. Background**

Defendant National Marine, Inc. is a pleasure boat retailer located in Ohio. [Doc. 81 at ¶¶ 2, 27.] On November 5, 2003, Defendant National Marine obtained a Yacht Dealer/Marina Operator insurance policy from Plaintiff New Hampshire Insurance Company ("New Hampshire Insurance"). [Doc. 81 at ¶¶ 24, 25.] This policy was to be in effect until November 1, 2004, but was cancelled on August 24, 2004 for non-payment of premium. *Id.* The insurance policy appears to cover damage to boats, damage to third party property caused by boats, and commercial tools and equipment. *Id.*; Doc. 81-1.]

-1-

Case No. 4:05-cv-02179
Gwin, J

The Plaintiff says, however, that the insurance policy contains several exclusions and limitations to its coverage that release the Plaintiff from a duty to defend or indemnify Defendant National Marine in certain situations. The Plaintiff says that the policy provides up to $300,000 in Truth in Lending and Errors and Omissions liability coverage against any damages incurred for unintentional violations of state or federal consumer protection statutes, but that such violations must not be knowing or intentional. [Doc. 1 at ¶ 120-22.] The Plaintiff similarly asserts that the policy's legal liability coverage is limited to unintentional acts committed by Defendant National Marine. *Id.* at ¶¶ 123, 127. Finally, the Plaintiff says that the insurance policy is void if Defendant National Marine concealed or misrepresented any material facts in its application for insurance. *Id.* at ¶ 133.

On November 4, 2004, Defendant National Marine was sued in the Trumbull County Court of Common Pleas in *Suhar v. Scott Lukovski, et al.,* Case No. 04-CV-2779 (hereinafter, the "underlying action"). The ongoing Trumbull County action is the result of a consolidation of separate claims against Defendant National Marine filed by numerous banks, including Defendants Sky Bank and Home Savings, and individual consumers. In the underlying actions, the banks and consumers make several claims against National Marine, including breach of contract, fraud, negligence, violations of the Ohio Consumer Sales Practices Act, and breach of fiduciary duty, arising out of its alleged fraudulent representations and failure to deliver clear title or physical possession of the boats that were sold. Plaintiff New Hampshire Insurance is currently defending Defendant National Marine against these claims under a reservation of rights. On June 2, 2008, a bench trial began in the underlying action and is currently pending in the Trumbull County Court of Common Pleas.

On September 15, 2005, Plaintiff New Hampshire Insurance commenced the present action seeking a declaration that it is not obligated to defend or indemnify its insured Defendant National

Case No. 4:05-cv-02179
Gwin, J

Marine, Inc., predecessor Defendant National Marine & Auto, owner Defendant Bill Hionas, or receiver Defendant Andrew Suhar (collectively "National Marine") in the underlying Trumbull County case. [Doc. 1.] In its amended complaint, the Plaintiff asks this Court to find the insurance policy void based on alleged misrepresentations by Defendant National Marine in obtaining the policy. [Doc. 81.] Alternatively, the Plaintiff asks this Court to find that the Plaintiff is not liable for any judgment entered against National Marine in the underlying action based on the exclusionary provisions of the insurance policy. *Id.* Additionally, the Plaintiff seeks restitution for legal expenses incurred on behalf of Defendant National Marine in the underlying action. *Id.*

On October 31, 2005, Defendant Sky Bank filed a motion to dismiss the present action. [Doc. 41.] On November 2, 2005, Defendant Home Savings joined in the motion to dismiss [Doc. 43.] Pursuant to 11 U.S.C. §362, these proceedings were stayed on November 14, 2005 because Defendant Hionas filed for Chapter 7 bankruptcy. [Doc. 45.] The case was reopened on March 10, 2008. [Docs. 47, 48.] On April 16, 2008, the Plaintiff opposed the motions to dismiss. [Doc. 59.] On April 24, 2008, Defendant Home Savings replied in support of the motions to dismiss. [Doc. 65.] On May 28, 2008, Plaintiff New Hampshire Insurance filed an amended complaint. [Doc. 81.][1/]

## II. Legal Standard

A federal court has the discretion to accept or deny cases seeking declaratory relief pursuant to the Declaratory Judgment Act of 1934, 28 U.S.C. § 2001. The Act provides:

> [A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

---

[1/] Although the Plaintiff's complaint was amended after Defendants Home Savings and Sky Bank filed their motions to dismiss, the Court finds that the grounds for dismissal raised in the motions to dismiss are not rendered moot by the amendment of the complaint. [Doc. 81.]

Case No. 4:05-cv-02179
Gwin, J

28 U.S.C. § 2201(a). It is notable that the Act does not provide for its own subject matter jurisdiction. In addition to meeting the requirements of the Declaratory Judgment Act, this Court must have either federal question or diversity jurisdiction to hear a case seeking declaratory relief.

The Declaratory Judgment Act is an enabling statute for federal courts to hear these types of cases. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The Act, however, does not create an absolute right for plaintiffs to be heard in federal court. "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Id.* at 288.

In deciding whether it will hear a case under the Act, a court must consider five factors:

(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)).

The Supreme Court has noted that whether a federal court should entertain such actions is a matter of "discretion" based on weighing considerations of "equity, comity and federalism." *Green v. Mansour*, 474 U.S. 64, 72-73 (1985). *See also Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991). District courts should consider "the tendency of such a decision to 'be a partial end run' around the authority of state courts to adjudicate claims falling within their jurisdiction." *Id.* (quoting *Green,* 474 U.S. at 73). Comity concerns are weighty in insurance coverage disputes because states have traditionally "had a free hand in regulating the dealings

-4-

Case No. 4:05-cv-02179
Gwin, J

between insurers and their policyholders." *SEC v. National Sec., Inc.*, 393 U.S. 453, 459 (1969).

### III. Analysis

The Plaintiff brings this case under the Declaratory Judgment Act, 28 U.S.C. §2201(a). Despite the broad discretionary power conveyed to the Court by the Declaratory Judgment Act, the Court must have independent federal subject matter jurisdiction before the Court can exercise its jurisdiction under the Act. *See Davis v. U.S.*, 499 F.3d 590, 594 (6th Cir. 2007) (quoting *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007)); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (holding that under the Declaratory Judgment Act, "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"). A court may decline to entertain an action under the Declaratory Judgment Act, however, even when the suit otherwise satisfies subject matter jurisdiction requirements. *Wilton*, 515 U.S. at 282 (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). *See also Scottsdale*, 513 F.3d at 552.

#### *A. Subject Matter Jurisdiction*

The Plaintiff claims that the Court has federal question subject matter jurisdiction over this case because the insurance policy that the Plaintiff asks the Court to void or interpret is a marine insurance policy. [Doc. 81 at ¶ 27.] The Plaintiff contends that this case involves federal common law regarding the construction of maritime contracts. Specifically, the Plaintiff says that parties to marine insurance policies must abide by the doctrine of *uberrimae fidei* by exercising the utmost good faith in contract formation. [Doc. 59 at 7.] While it may well be true that the court has admiralty jurisdiction to consider this case, courts in the Sixth Circuit have long recognized that federal and

Case No. 4:05-cv-02179
Gwin, J

state courts have concurrent jurisdiction over the interpretation of most marine insurance policies.[2/] *See, e.g., Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310 (1955); *M/G Transport Services, Inc. v. Water Quality Ins. Syndicate*, 234 F.3d 974, 977 (6th Cir. 2000) (interpreting *Wilburn* to mean that Ohio law controlled interpretation of a marine insurance contract).

For the purposes of assessing these motions to dismiss, the Court will assume that the Plaintiff has satisfied the requirements for independent subject matter jurisdiction, but notes that such jurisdiction based upon the interpretation of a marine insurance contract is concurrent in nature with state courts. Having concluded that the Plaintiff has demonstrated subject matter jurisdiction for purposes of this opinion, the Court will now proceed to analyze whether it should exercise its discretionary jurisdiction to consider this case under the Declaratory Judgment Act.

### *B. Declaratory Judgment Act*

As previously stated, the Sixth Circuit has identified five factors for district courts to consider in determining whether to exercise discretionary power under the Declaratory Judgment Act. *Scottsdale*, 513 F.3d at 554 (citing *Grand Trunk*, 746 F.2d at 326). The Court should weigh these five factors, but may in its discretion determine which factors are most controlling in light of the

---

[2/] While the Ninth Circuit has recognized that "[u]berrimae fidei is a longstanding federal maritime doctrine' that 'applies to marine insurance contracts,'" *New Hampshire Inc. v. C'Est Moi, Inc.*, 519 F.3d 937, 938 (9th Cir. 2008) (internal citation omitted), there is no indication, at least in the Sixth Circuit, that such a generally recognized rule of good faith dealing would reside exclusively within the jurisdiction of federal courts.
    In fact, the Supreme Court has stated that in the absence of contrary local authority, the doctrine of *uberrimae fidei* will be applied to all insurance contracts.  *See Stipcich v. Metropolitan Life Ins. Co.*, 277 U.S. 311, 318 (1928) ("This generally recognized rule, in the absence of authoritative local decision, we take to be the law of [the state]."). The Plaintiff does not point to any authoritative local decision that suggests that *uberrimae fidei* applies exclusively to federal marine insurance contracts.  Ohio courts have indeed applied *uberrmae fidei* to non-marine insurance contracts. *See, e.g., Vermeeren v. Donnamiller*, 2007 WL 4277880 (Ohio Ct. App. 2007); *Buemi v. Mutual of Omaha Ins. Co.*, 524 N.E.2d 183, 186 (Ohio Ct. App. 1987). *See also PHL Variable Ins. Co. v. Fulbright McNeil, Inc.*, 519 F.3d 825 (8th Cir. 2008); *In Re Magnolia Marine Transport Co., Inc.*, 964 F.2d 1571 (5th Cir. 1992) (holding that interpretation of a marine insurance policy in a declaratory judgment action was a proper task for both the state and federal courts).

Case No. 4:05-cv-02179
Gwin, J

circumstances. *See, e.g.,* Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807 (6th Cir. 2004) (holding that case should have been dismissed when four factors weighed in favor of dismissal); Guaranty Nat. Ins. Co. v. Cain, 76 F.3d 378 (6th Cir.1996) (unpublished table decision) (holding that a case should have been dismissed when only two factors suggested dismissal was proper). The Court will address each factor in turn.

**1. Whether the declaratory action would settle the controversy**

The Court first considers whether the declaratory action would settle the controversy. In the Sixth Circuit, courts have been divided as to whether the "controversy" identified in the first *Grand Trunk* factor refers to all claims, including those presented in the underlying action before the state court, or to those claims solely before the district court. *Scottsdale*, 513 F.3d at 555. Several relevant considerations identified by the Sixth Circuit in evaluating this factor are whether the insurance company is a party to the underlying state action, whether the issue presented to the federal court is before the state court, whether the issue relies on a fact-based question that would be answered by the state proceedings, and whether the parties in the underlying state action were made parties to the federal action. *Id.* at 555-56.

In this case, the Plaintiff asks the Court to rescind the policy due to alleged misrepresentations made by Defendant National Marine during the application process. [Doc. 81 at ¶78-89.] Alternatively, the Plaintiff asks the Court to interpret the exclusionary provisions of the insurance policy under Ohio law to find that the Plaintiff is not required to indemnify Defendant National Marine for any damages incurred in the underlying action. *Id.* at ¶59-77; Doc. 1 at ¶137-58.

In this case, the underlying Trumbull County action is likely to involve the same questions of fact, discovery, and conclusions of law as those presented to this Court. It does not serve any purpose

Case No. 4:05-cv-02179
Gwin, J

to have the district court interpreting a factual question that will also be interpreted by the state court. *See Bituminous*, 373 F.3d at 813-14. The instant case is analogous to *Bituminous* because the issues before the federal court will depend on the factual determinations of the state court proceedings. *See id* at 813. The Plaintiff claims that it has no duty to indemnify Defendant National Marine for intentional violations of state law. [Doc. 1-1 at ¶149 - ¶156.] In the underlying action, the Trumbull County Court of Common Pleas will determine whether Defendant National Marine did, in fact, intentionally violate state law. The Plaintiff's claim, therefore, requires the Court to make a factual determination of an issue presently before the state court. This Court's consideration of those same factual issues would result in a large waste of judicial resources and could result in inconsistent findings with the state court. *See id.* at 813-14. By bringing the issue before the Trumbull County Court of Common Pleas, the Plaintiff can assure a consistent result, judicial efficacy, and the possibility of lower legal costs for all parties involved.

The Plaintiff's request for recision may present some issues not currently before the state court because the state court action will likely not analyze whether Defendant National Marine made material misrepresentations to the Plaintiff during its application for marine insurance coverage. As will be discussed later in this opinion, however, this Court is not the optimal forum for resolution of these issues. With the exception of these narrow issues relating to recision, the Court concludes that the first *Grand Trunk* factor weighs against this Court's exercise of discretionary jurisdiction.

### 2. Whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue

Second, the Court considers whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue. The issues presented before the Court would clarify the legal

Case No. 4:05-cv-02179
Gwin, J

relations between the parties as those issues relate to the possibility that the Plaintiff will be required to defend and indemnify Defendant National Marine in the underlying state action. There is nothing, however, that precludes the state court from clarifying these legal relations. Furthermore, in the interests of equity, comity, federalism, and judicial economy, the state court would be better suited to clarify these relations.

### 3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata"

The third factor that the Court considers is whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata." *Scottsdale,* 513 F.3d at 554. The Sixth Circuit has recently explained that this factor is intended "to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.'" *Scottsdale,* 513 F.3d at 558 (citing *AmSouth Bank v. Dale,* 386 F.3d 763, 788 (6th Cir. 2004)). In making this determination, the Court must ask "whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first." *Id.* (citing *AmSouth,* 386 F.3d at 789).

Here, the Court recognizes that Plaintiff New Hampshire Insurance filed the present federal action after the underlying Trumbull County case began. The record, therefore, does not support the allegation that the Plaintiff has engaged in procedural fencing. The Plaintiff was involuntarily joined in the state court action and then recently requested, and was granted, permission to leave the suit. [Doc. 97-1.] Such an action suggests that the Plaintiff has purposely avoided having the state court determine the issue of its duty to indemnify Defendant National Marine. The Court, however, cannot impute an improper motive of a race for res judicata to the Plaintiff on these grounds. *See Scottsdale,*

Case No. 4:05-cv-02179
Gwin, J

513 F.3d at 558 (stating that "[w]hile this action may have been an attempt to preempt an issue which the state court would eventually consider, the Declaratory Judgment Act gives [the Plaintiff] the right to do precisely that, especially when the state court litigation has been ongoing for several years without resolving the issue"). The Defendants have presented no additional evidence of improper motive for the Plaintiff's decision to file this declaratory action in federal court. Accordingly, the third *Grand Trunk* factor weighs in favor of the Court's exercise of discretionary jurisdiction under the Declaratory Judgment Act.

### 4. Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction

The forth factor that the Court considers is whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction. The Sixth Circuit gives this factor great weight. *See Guaranty*, 76 F.3d at *2 (stating that "[t]he most important factor in our view is the fourth").

The Sixth Circuit has identified three issues to consider when evaluating the fourth *Grand Trunk* factor: "1) whether the underlying factual issues are important to an informed resolution of the case; 2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

The determinative factual findings in the underlying action are highly correlative with those in the instant action. The state court will hear testimony and evidence as to whether Defendant

-10-

Case No. 4:05-cv-02179
Gwin, J

National Marine made intentional misrepresentations to various banks and consumers. The Plaintiff's claim for declaratory relief based on the exclusionary provisions of the insurance policy requires these same alleged misrepresentations to be examined by this Court. Additionally, the Plaintiff asks the Court to find that Defendant National Marine's alleged misrepresentations were intentional. To make this finding, the Court must apply the same state insurance law as is currently being applied in the underlying action. These facts strongly suggest that judgment by this Court will create friction with the state court. When resolution of issues before a federal court require making factual findings that might conflict with similar findings made by the state court, the exercise of jurisdiction would likely be inappropriate. *See Scottsdale*, 513 F.3d at 560.

This Court finds that the Trumbull County Court of Common Pleas is in a better position to make the requisite factual findings and legal conclusions in this case. Most of the Defendants in the instant action are parties in the underlying state action. These parties have participated in extensive discovery in the underlying action and have demonstrated that the state court is a convenient forum for litigation. The state court is thoroughly familiar with the facts and issues presented by this litigation. Requiring these parties to again engage in discovery to litigate on the same or substantially similar issues would be unnecessary and wasteful.

Furthermore, claims involving insurance law, regardless of their maritime nature, have long been thought to be better handled by state courts. *See Wilburn*, 348 U.S. at 321 ("We, like Congress, leave the regulation of marine insurance where it has been-with the States."). The Court also finds that there is a close nexus between the underlying factual and legal issues and state law based on the long standing tradition of states governing insurance law. *See Travelers*, 495 F.3d at 273 (quoting *Bituminous*, 373 F.3d at 815) (noting that "[i]ssues of 'insurance contract interpretation are questions

Case No. 4:05-cv-02179
Gwin, J

of state law with which . . . state courts are more familiar and, therefore, better able to resolve.'").

The Court thus finds that this factor strongly suggests that the present action be dismissed.

### 5. Whether there is an alternative remedy which is better or more effective

The final factor that the Court considers is whether there is an alternative remedy which is better or more effective. As previously discussed, the Court finds the Trumbull County Court of Common Pleas to be better suited to handle the instant action. The Court is strongly swayed by the judicial economy that is served by allowing the state court to hear the additional claims that arise from the same case or controversy as that presently before it. The issues of insurance contract interpretation raised by the Plaintiff in this case are certainly not issues that are exclusively within the jurisdiction of this federal court. Ultimately, this Court's consideration of the case will not only reduce judicial resources, but will also result in prolonged litigation, duplicative discovery, and increased court costs for the parties.

Case No. 4:05-cv-02179
Gwin, J

The Court finds that when taken together, the five *Grand Trunk* factors weigh against exercising discretionary power under the Declaratory Judgment Act. Because the Court finds numerous reasons to dismiss the case under its discretionary jurisdiction, the Court declines to address the additional potential grounds for dismissal raised by Defendant Suhar in his motion for judgment on the pleadings. [Doc. 5.]

### IV. Conclusion

For the reasons stated above, the Court **GRANTS** the Defendants' motions to dismiss the case without prejudice. [Docs. 41, 43.] Accordingly, the Court **DENIES** as moot Defendant Suhar's motion for judgment on the pleadings. [Doc. 5.]

IT IS SO ORDERED.

Dated: June 16, 2008                               s/       *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE